UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| HQ GLOBAL HOLDINGS, INC., | : |
| a Delaware corporation, et al.,[1] | : Jointly Administered |
| | : Case No. 02-10760 (MFW) |
| Debtors. | : Objection Deadline: 04/02/02 4:00 pm EDT |

# DEBTORS' APPLICATION FOR ORDER AUTHORIZING THE EMPLOYMENT OF HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL AS FINANCIAL ADVISORS AND INVESTMENT BANKERS FOR DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE

The above-captioned debtors and their related debtors-in-possession on (collectively, the "Debtors"), hereby file this Application for Order Authorizing the Employment of Houlihan Lokey Howard & Zukin Capital ("Houlihan Lokey") as Financial Advisors and Investment Bankers for the Debtors pursuant to §§327(a) and 328(a) of the Bankruptcy Code (the "Application"), and in support thereof respectfully represent as follows:

## Factual Background

1. On March 13, 2002 (the "Petition Date"), the Debtors commenced their respective reorganization cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").

---

[1] The Debtors are the following entities: HQ Global Holdings, Inc., HQ Global Workplaces, Inc, Executive Office Center, Inc., Executive Office Network, Ltd., San Francisco Office Network, Inc., HQ Network Systems, Inc., HQPA, Inc., Officeworks, Inc., Overfield Balck Associates, Inc., RTCCO, Inc., Texas Suites, Inc., Travel Disposition Company, TYCO, Inc., Vantas Bethesda Metro, Inc., Vantas Boca Raton, Inc., Vantas Corporate Centers, Inc., Vantas Long Island, LLC, Officeplus Corporation (a/k/a Vantas Midwest, Inc.), Vantas New York, Inc., Vantas Newport, Inc., Vantas San Francisco, Inc., Vantas Southern California, Inc., Vantas 2300M., Inc., Vantas International Holdings, Inc., CCCO, Inc., Vantas Avenue of the Stars, Inc., Vantas Costa Mesa, Inc., Vantas Costa Mesa Executive Offices, Inc., Vantas Northern California, Inc., Vantas Pacific, Inc., Vantas Dublin, Inc., Vantas North Michigan, Inc. and Vantas

2. The Debtors are continuing in possession of their respective properties and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

4. The Debtors and their nondebtor affiliates (collectively, the "Company") are one of the largest providers of flexible officing solutions in the world based on the number of business centers. The Company provides a complete outsourced office solution through furnished and equipped individual offices and multi-office suites available on short notice with flexible contracts. The Company also provides business support and information services, including: telecommunications; broadband Internet access; mail room and reception services; high speed copying, faxing and printing services; secretarial, desktop publishing and IT support services; and various size conference facilities, with multi-media presentation and, in certain cases, video teleconferencing capabilities. The Company also provides similar business support services for those businesses and individuals that do not require physical office space on a full-time basis.

5. As of December 31, 2001, the Company owned, operated or franchised more than 400 business centers worldwide. More than 95% of the Company's 2001 revenues were derived from its domestic operations. In the United States, the Company operates business centers in 29 states and is operated through 16 area business units, the most significant of which are in New York, Chicago, Boston, California, Washington, D.C. and the Southeast (centered in Atlanta). The Company's finance

---

Skokie, LLC.

and corporate functions are located at 15305 Dallas Parkway, Suite 1400, LB-20, Addison, Texas 75001, and its global sales and related support functions are located at 1117 Perimeter Center West, Suite 500 E, Atlanta, Georgia 30338.

6. As of the Petition Date, the Company has approximately 1,700 active employees, all but approximately 40 of whom are full-time employees. In addition, the Company engages as independent contractors some persons who perform services in the United States. For the fiscal year ended December 31, 2001, the Company's unaudited consolidated revenues were approximately $471 million.

## Retention of Houlihan Lokey Howard & Zukin Capital

### *Introduction*

7. The Debtors bring this Application because of their pressing need to retain financial advisors and investment bankers to assist them in the critical tasks associated with analyzing and implementing critical restructuring alternatives, and to help guide them through their reorganization efforts. As a result of their careful deliberations, and through the exercise of their business judgment, the Debtors determined that Houlihan Lokey's broad experience would best serve the interests of the Debtors and their creditors in these cases.

8. Houlihan Lokey is a nationally recognized investment banking/financial advisory firm with 10 offices worldwide, and more than 225 professionals. Houlihan Lokey provides investment banking and financial advisory services and execution capabilities in a variety of areas, including financial restructuring, where Houlihan Lokey is one of the leading investment bankers and advisors to debtors, bondholder groups, secured and unsecured creditors, acquirors, and other parties-in-interest involved in

financially distressed companies, both in and outside of bankruptcy. Houlihan Lokey's Financial Restructuring Group, which has over 60 professionals dedicated to such engagements, will be providing the agreed-upon financial advisory services to the Debtors. Houlihan Lokey has served as a financial advisor in some of the largest and most complex restructuring matters in the United States, including serving as the financial advisor to the debtors in the Chapter 11 proceedings of *Purina Mills, Inc., AmeriServe Food Distribution, Inc., McLeod USA* and *Covad Communications, Inc.*, and as the advisor to the official creditors committees in *Enron Corporation, Armstrong Holdings, Inc., Pillowtex Corp., Laidlaw, Inc.* and *The Loewen Group, Inc.*, just to name a few of its restructuring engagements. In addition, through its role in these and other restructuring engagements, Houlihan Lokey has developed considerable expertise in many of the issues that will be presented in this engagement.

9. As the financial advisor to the Debtors, it is expected that Houlihan Lokey will provide the following services.:

- a. advising the Debtors generally of available capital restructuring and financing alternatives, including recommendations of specific courses of action, and assisting the Debtors with the design of alternative Transaction (defined below) structures and any debt and equity securities to be issued in connection with a Transaction as defined in the Engagement Letter;

- b. assisting the Debtors in their discussions with lenders, bondholders, preferred shareholders and other interested parties regarding the Debtors' operations and prospects and any potential Transaction;

- c. assisting the Debtors with the development, negotiation and implementation of a Transaction or Transactions, including participation as a representative of the Debtors in negotiations with creditors and other parties involved in a Transaction;

- d. assisting the Debtors in valuing the Debtors and/or, as appropriate, valuing the Debtors' assets or operations; <u>provided</u> that any real estate

4

or fixed asset appraisals needed would be conducted by outside appraisers selected and paid for by the Debtors;

e. at any time prior to consummation of a Transaction, providing expert advice and testimony (including without limitation testimony in connection with any bankruptcy or other legal proceeding) relating to financial matters related to a Transaction, including the feasibility of any Transaction and the valuation of the Debtors or any debt or equity securities issued in connection with a Transaction;

f. to the extent requested by the Debtors, advising the Debtors as to potential mergers or acquisitions, and the sale or other disposition of any of the Debtors' assets or businesses;

g. to the extent requested by the Debtors, advising the Debtors and acting as placement agent, as to any potential financings, either debt or equity, including debtor-in-possession financing;

h. assisting the Debtors in preparing proposals to creditors, employees, shareholders and other parties-in-interest in connection with any Transaction;

i. assisting the Debtors' management with presentations made to the Debtors' Board of Directors, creditors and stockholders regarding potential Transactions and/or other issues related thereto and attending such presentations and meetings;

j. advising the Debtors' Board of Directors and its committees with respect to potential Transactions or valuations, including the delivery of written opinions (such as fairness opinions); and

k. rendering such other financial advisory and investment banking services as may be mutually agreed upon by Houlihan Lokey and the Debtors; provided, that, notwithstanding anything to the contrary contained herein, if the Debtors request such services regarding the sale of the Debtors (such as through a merger, stock or asset sale) or obtaining financing for the Debtors (other than debtor-in-possession financing), then such services shall be performed pursuant to the terms and conditions of a separate agreement for a fee that is in excess to the amounts paid under the Engagement Letter.

10. Houlihan Lokey's services will be complementary to, and not duplicative of, services to be rendered by other professionals that have been retained by the Debtors. Houlihan Lokey's services will focus on developing and implementing restructuring alternatives, including potential disposition strategies, debt and equity financing, and working with the Debtors' constituencies to expeditiously put forth a plan of reorganization.

### *The Terms of Houlihan Lokey's Engagement*

11. As described more fully in the Affidavit of Saul E. Burian in Support of the Debtors' Application for Order Authorizing the Employment of Houlihan Lokey Howard & Zukin Capital as Investment Banker and Financial Advisor Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code (the "Burian Affidavit," attached hereto as Exhibit A), the terms of the Engagement Letter (defined below) are similar to the terms, both financial and otherwise, agreed to by Houlihan Lokey and other investment bankers in similar engagements, both in and outside of bankruptcy.

12. Pursuant to the terms and conditions of an engagement letter executed by the Company and Houlihan Lokey on November 21, 2001 (the "Engagement Letter," a copy of which is attached hereto as Exhibit B) and subject to the Court's approval, Houlihan Lokey is entitled to be paid: (a) a monthly fee of $150,000 (the "Monthly Fee") for its professional services rendered to the Debtors in these chapter 11 cases and (b) seek reimbursement of reasonable out-of-pocket expenses, subject to monthly caps. In addition, Houlihan Lokey shall be entitled to the payment of a fee upon the consummation of a Transaction (as defined in the Engagement Letter) (the "Transaction Fee") of at least $1,225,000. If a Transaction is consummated on or before December 31, 2002, the Transaction Fee shall be increased to $1,725,000. Finally, the Transaction Fee shall be reduced by 50% of the Monthly

Fees actually paid to Houlihan Lokey following (but not including) the payment of the sixth Monthly Fee on May 11, 2002, but in no event shall the Transaction Fee be reduced to less than zero.

13. The Engagement Letter also provides that the Debtors will indemnify, hold harmless and defend Houlihan Lokey and its affiliates, directors, officers, shareholders, employees, agents and controlling persons (collectively, the "Indemnified Parties") under certain circumstances. In particular, the Engagement Letter provides that the Indemnified Parties are entitled to be indemnified by the Debtors, to the fullest extent lawful, from and against any and all losses, claims, damages or liabilities, and reasonable legal or other expenses, arising out of or related to the engagement, any actions taken or omitted to be taken by an Indemnified Party or any Transaction contemplated hereby. The Debtors are not liable under the Indemnification Agreement for consequential or incidental damages or for any loss, claim, damage or liability that is finally judicially determined to have resulted primarily from the willful misconduct or negligence of any Indemnified Party. Pursuant to the agreement it has reached with the United States Trustee in other engagements in this Court, Houlihan Lokey has made certain modifications to these indemnification provisions, and they are reflected in the form of Order attached hereto as Exhibit C.

14. The Debtors or Houlihan Lokey may terminate the Engagement Letter at any time, with or without cause, upon ten days written notice, provided that such termination will not affect: (a) the indemnification and confidentiality provisions set forth in the Engagement Letter; (b) Houlihan Lokey's right to receive and the Debtors' obligation to pay, any of fees and expenses due on or before such termination; and (c) Houlihan Lokey's right to receive and the Debtors' obligation to pay the Transaction Fee in the event that a Transaction is consummated, or an agreement to a Transaction is

obtained, within one year after the termination of the Engagement Letter (except in the event of a termination of Houlihan Lokey for cause or the resignation by Houlihan Lokey without justification).

15. The terms of the Engagement Letter were heavily negotiated between the Debtors, their legal counsel and Houlihan Lokey, and reflect the Debtors' evaluation of the extensive work to be performed by Houlihan Lokey and the Firm's financial advisory expertise.

### *Houlihan Lokey's Application Should be Approved Purusant to Section 328(a) of the Bankruptcy Code*

16. The Engagement Letter provides that Houlihan Lokey will be retained pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) provides, in relevant part, that the Debtors, "with the court's approval may, employ or authorize the employment of a professional person under section 327... on any reasonable terms and conditions of employment, including a retainer...." 11 U.S.C. §328(a). Section 328 reflects a significant departure from prior bankruptcy practice relating to the compensation of professionals, as it permits the compensation of professionals, including investment bankers and financial advisors, on more flexible terms that reflect the nature of their services and market conditions. As the Fifth Circuit Court of Appeals recognized in In re National Gypsum Co., 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978, the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present §330 of the Bankruptcy Code, which provides that the court award to professional consultants reasonable compensation' based on relevant factors of time and comparable costs, etc. Under present §328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

Id. at 862 (citations omitted).

17.     Owing to this inherent flexibility, courts have approved similar arrangements that contain reasonable terms and conditions under section 328. The fee structure for this engagement is similar to fee agreements approved by bankruptcy courts throughout the United States under section 328(a), including this Court.

18.     Pursuant to section 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Orders of this Court, Houlihan Lokey will apply to the Court for the interim and final allowance of compensation and reimbursement of expenses. Because Houlihan Lokey will be compensated on a fixed monthly fee and certain transaction fees, Houlihan Lokey should not be required to maintain or provide detailed time records in connection with any of its fee applications.

### *Houlihan Lokey is a Disinterested Party*

19.     Houlihan Lokey's compliance with the requirements of sections 326 and 504 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016 (the "Bankruptcy Rules") is set forth in greater detail in the Burian Affidavit.

20.     As described in the Burian Affidavit, Houlihan Lokey does not represent any of the Debtors' creditors or other parties to this proceeding, or their respective attorneys or accountants, in any matter which is adverse to the interests of any of the Debtors as debtors-in-possession, and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code.

21.     As also described in the Burian Affidavit, Houlihan Lokey does not hold any interest adverse to any of the Debtors as debtors-in-possession or their estates in the matters upon which Houlihan Lokey is to be engaged herein.

22.     Pursuant to the Engagement Letter, the Company has paid an Initial Payment, Monthly Fees and the reimbursement of expenses in the amount of $955,992.19. All of these payments

have been for services provided prior to the commencement of these cases, and include full payment for all prepetition fees and expenses. Accordingly, Houlihan Lokey is not a prepetition creditor of the Debors.

### Notice

23. No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (a) the Office of the U.S. Trustee; (b) the Debtors' largest unsecured creditors on a consolidated basis, as identified in their chapter 11 petitions; (c) counsel to the Debtor's proposed postpetition lenders; (d) counsel to the administrative agent for the Debtors' prepetition secured lenders; and (e) counsel to the holders of the Debtors' senior subordinated debt. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

24. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter an Order in the form attached hereto as Exhibit C, approving the retention and employment of Houlihan Lokey Howard & Zukin Capital as financial advisor to the Debtors, pursuant to §§327(a) and 328(a) of the Bankruptcy Code, and grant such other relief as may be just and equitable.

Dated: March 15, 2002
Wilmington, Delaware

Respectfully submitted,

HQ GLOBAL HOLDINGS, INC., on behalf of itself and each of its affiliated Debtors and Debtors in Possession

Daniel J. DeFranceschi (DE 2732)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700

By: Peter H. Harris
    Senior Vice President,
    Chief Administrative Officer and
    General Counsel

- and -

Corinne Ball (NY CB-8203)
Andrew L. Buck (NY AB-4298)
JONES, DAY, REAVIS & POGUE
222 East 41st Street
New York, New York 10017
(212) 326-3939

Charles M. Oellermann (OH 0055509)
JONES, DAY, REAVIS & POGUE
1900 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 469-3939

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION